```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANTHONY A. RANSOM, | |
| Plaintiff, | 1:20-cv-12933-NLH-AMD |
| v. | **MEMORANDUM** |
| ROBERT WILLIAMS ("MEEK MILL"), VINCENT YOUNG, JR., TAWANDA MORIE SHRIVER, and ANDREA DELORES MITCHELL, | **OPINION & ORDER** |
| Defendants. | |

**APPEARANCES:**

ANTHONY A. RANSOM
3001 ROUTE 130
APT. 36K
DELRAN, NJ 08075

　　Appearing *pro se*

**HILLMAN**, District Judge

　　WHEREAS, Plaintiff, Anthony A. Ransom, appearing *pro se*, has filed a complaint against Defendants Robert Williams ("Meek Mill"), Vincent Young, Jr., Tawanda Morie Shriver, and Andrea Delores Mitchell; and

　　WHEREAS, Plaintiff claims that Defendants "gave him herpes by kissing on [him] through the internet and super computers"; and

　　WHEREAS, Plaintiff also claims that Defendant Robert

Williams ("Meek Mill") stole the songs "Dangerous" and "24/7" from him;

WHEREAS, Plaintiff seeks, among other relief, $500,000; and

WHEREAS, Plaintiff has filed a motion for the appointment of pro bono counsel (Docket No. 2) and an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) (Docket No. 1-1); and

WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's

2

Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds Plaintiff's complaint to be deficient in two significant ways:

1. Plaintiff has failed to establish this Court's subject matter jurisdiction.  On the form complaint provided to *pro se* plaintiffs, Plaintiff checked the box for diversity jurisdiction, 28 U.S.C. § 1332, which provides that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in

3

excess of $75,000, exclusive of interests and costs. Even though Plaintiff appears to provide the citizenship of himself (New Jersey), Defendant Vincent Young, Jr. (Delaware), Defendant Tawanda Morie Shriver (Georgia), and Defendant Andrea Delores Mitchell (Georgia), Plaintiff fails to provide the citizenship of Defendant Robert Williams ("Meek Mill"). Without the averment as to the citizenship of all Defendants, Plaintiff cannot establish subject matter jurisdiction under § 1332.[1]

2. Even though Plaintiff alleges Defendants gave him herpes through the internet and Robert Williams stole two of his songs, Plaintiff's complaint is deficient because Plaintiff has failed to state a specific legal bases for his claims, which is also necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must

---

[1] Plaintiff did not check the box for federal question jurisdiction. In order to invoke federal question jurisdiction, Plaintiff must plead a violation of the U.S. Constitution or the laws of the United States. See U.S. Const, Art III, Section 2 (providing that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiff has not pleaded any Constitutional provision or federal law that Defendants allegedly violated. To the extent that Plaintiff's claim that Defendant Robert Williams "stole" two songs from him, and such a contention could suggest a violation of federal copyright law, the Court finds that this allegation is too vague upon which to base this Court's subject matter jurisdiction under § 1331.

contain . . . a short and plain statement of the grounds for the court's jurisdiction.");[2] and

WHEREAS, the Court further finds that Plaintiff's motion for appointment of counsel is premature.  There is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), but pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual

---

[2] The Court also finds that the allegation that Plaintiff was infected with herpes through the internet and super computers is a "fantastic or delusional" scenario that is factually baseless. See Hager v. Young, 2019 WL 4187812, at *3 (D.N.J. 2019) (quoting Perkins v. New Jersey Dep't of Labor, Div. of Workers Comp., 154 F.R.D. 132, 133–34 (E.D. Pa. 1994)) (other citation omitted) ("A claim is frivolous if it lacks an arguable basis in fact or in law.  If a claim is fanciful or describes 'fantastic or delusional scenarios,' then it is factually baseless."); id. (finding that the allegations that the plaintiff was being harassed by radio broadcasts capable of "us[ing] the vocal voice of any radio commentator, personality, and at times even musicians" and by telepathic voices were "fantastic or delusional scenarios," and such claims were dismissed with prejudice as no further amendment could cure the plaintiff's pleading deficiencies).

5

investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf.  Tabron, 6 F.3d at 155-157.  Plaintiff's motion does not address any of these factors;

    THEREFORE,

    IT IS on this ___13th___ day of ___October___, 2020

    ORDERED that Plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

    ORDERED that Plaintiff's motion for the appointment of pro bono counsel (Docket No. 2) be, and the same hereby is, DENIED WITHOUT PREJUDICE; and it is finally

    ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above.  If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey                                    ___s/ Noel L. Hillman___
                                                          NOEL L. HILLMAN, U.S.D.J.